IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GLENNA M.B., Substituted Party for Charles R.B., Deceased,

**Plaintiff,**

v.

MARTIN O'MALLEY,[1] Commissioner of Social Security,

**Defendant.**

Case No. 20-CV-2453-JAR

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Charles R.B.'s[2] Motion for Attorney Fees (Doc. 20), which seeks attorney's fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $19,424.46. The motion is fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court grants Plaintiff's motion, awards $19,424.46 in reasonable attorney's fees, and orders Plaintiff's counsel to refund to Plaintiff the smaller fee amount ($6,676.63) received under the Equal Access to Justice Act ("EAJA") after he receives his attorney's fees.

**I.    Background**

Plaintiff hired counsel to prosecute his claim for social security benefits in September 2020. They entered into a contingent-fee agreement for 25 percent of all retroactive benefits. On September 15, 2020, Plaintiff filed a Complaint in this Court appealing the administrative decision denying his disability benefits. On October 7, 2021, this Court reversed the decision of

---

[1] Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this suit. *See* Fed. R. Civ. P. 25(d).

[2] Plaintiff died on April 18, 2022, and his mother is substituted as the proper party. Furthermore, Plaintiff's attorney is the real party-in-interest although the dotion is filed in Plaintiff's (or Plaintiff's mother's) name. The Court will continue to reference Plaintiff as the party for whom the motion is filed.

the Commissioner and remanded the case to the Administrate Law Judge.³  On December 17, 2021, this Court entered an Agreed Order for attorney's fees under the EAJA in the amount of $6,676.63.⁴  On remand, the Commissioner awarded Plaintiff total retroactive benefits of approximately $127,000.⁵

Plaintiff's counsel now seeks $19,424.46 in attorney's fees under 42 U.S.C. § 406(b)(1), which is less than 25 percent of Plaintiff's total retroactive benefits.  Defendant takes no position on counsel's fee request, except to state that Plaintiff's attorney must refund the EAJA fees, and Defendant defers to the Court's discretion on the reasonableness of the award.⁶

## II.     Legal Standard

Title 42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable [attorney] fee . . . not in excess of 25 percent of the total of the past-due benefits."⁷  This provision allows the Court to award attorney fees in conjunction with a remand for further

---

³ Docs. 15, 16.

⁴ Doc. 19.

⁵ Neither Plaintiff's attorney's statement nor the Social Security Administration's ("SSA") letter specifically sets forth the total amount of the retroactive benefits awarded to Plaintiff.  Instead, the SSA's letter sets forth the monthly amount and the total amount of time Plaintiff was due benefits (March 2017 through March 2022).  In addition, the SSA's letter states that it will withhold 25 percent of the past due benefits—$31,796.75—in case it needs to pay Plaintiff's counsel for attorney fees.  Thus, the Court calculated the total past-due benefits at approximately $127,000.

⁶ Doc. 22.

⁷ "The [Social Security Administration] deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.  Under the SSA scheme, each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court." *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)).

2

proceedings where a plaintiff is awarded past-due benefits.[8] The amount of a fee award under § 406(b) is committed to the Court's sound discretion.[9]

In determining whether a contingent-fee agreement produces reasonable results or whether the fee award should be reduced, the Supreme Court has directed courts to consider several factors, specifically: (1) the character of the representation and whether the results it achieved were substandard; (2) whether the attorney was responsible for delay that caused benefits to accrue during the pendency of the case; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case.[10] "[T]he comparison of amount of benefits to time spent might be aided by submission of plaintiff's attorney's billing record and normal hourly billing rate."[11] "If counsel is awarded fees under both the EAJA and the SSA, counsel must refund the smaller amount to the claimant."[12]

### III.   Discussion

Applying the factors described above, the Court concludes that the requested fee of $19,424.46 is reasonable. As to the first two factors, counsel achieved a favorable result and was not responsible for any delay in the case. The only question is whether the benefits awarded are large in comparison to the amount of time counsel spent on the case. Plaintiff ultimately received benefits in the amount of approximately $127,000, and counsel now seeks attorney's fees in the amount of $19,424.46, which represents less than 25 percent of the total award.

---

[8] *Id.* at 503.

[9] *Id.* at 505 (citation omitted); *see also Gordon v. Astrue*, 361 F. App'x 933, 934 (10th Cir. 2010) (explaining that "a district court enjoys considerable discretion in the setting of a fee award for work done before it.").

[10] *Gisbrecht*, 535 U.S. at 808 (citations omitted).

[11] *Robbins v. Barnhart*, No. 04-1174-MLB, 2007 WL 675654, at *2 (D. Kan. Feb. 28, 2007) (citing *Gisbrecht*, 535 U.S. at 808).

[12] *McGraw*, 450 F.3d at 497–98 (first citing *Gisbrecht*, 535 U.S. at 796; then citing *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986)).

Counsel submitted an itemized invoice showing that he spent 35.9 hours representing Plaintiff.  Counsel states that "[t]he lowest hourly rate in the EAJA pleading is $193.84. 35.9 hours x $193.84 = $6,937.31."[13]  He then applies a 2.8 multiplier due to the risk of taking the case on a contingency basis.  He multiplies $6,937.31 times 2.8 to achieve the requested attorney fee amount of $19,424.46.

The Court has performed its own calculation and finds that an attorney fee award of $19,424.46 for 35.9 hours of work amounts to an hourly rate of $541 an hour.  This amount is reasonable based on the favorable result in the case.[14]  In addition, the Court recognizes that the contingent nature of social security cases "justifies a fee award which is higher than the normal hourly rate charged by practitioners" due to the probability of the cases not successfully concluding.[15]  Accordingly, the Court grants Plaintiff's motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** pursuant to 42 U.S.C. § 406(b), Plaintiff's Motion for Approval of Attorney Fees (Doc. 20) is **granted**.  Plaintiff's attorney, Roger Driskoll, is entitled to $19,424.46 in attorney's fees.  From that amount, Plaintiff's counsel shall refund $6,676.63, the amount of the smaller EAJA award, to Plaintiff.

**IT IS SO ORDERED.**

Dated: June 3, 2024

                                                S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[13] Doc. 20 at 2.

[14] Counsel submitted the attorney fee agreement which provided for payment of 25 percent of all back-due benefits.  As noted above, $31,796.75 is 25 percent of the past-due benefits, so counsel is seeking less than the amount due under the agreement.

[15] *See Rogers v. Kijakazi*, No. 19-1134-JWL, 2022 WL 17718655, at *3 (D. Kan. Dec. 15, 2022) (finding that an hourly rate of $2,265.39 with an effective hourly rate of $809.07 was reasonable due to the circumstances of the case).